UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                                                          No. 12-CR02290 WJ

JUAN ANTONIO LOPEZ-RUBIO.
        Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

THIS MATTER is before the Court on the Defendant's Objection to the Presentence Report (doc. 39) wherein Defendant objects to the Presentence Report and specifically, to the 16 level increase applied by the U.S. Probation Office to Defendant's guideline sentencing offense level in paragraph 17 of the Presentence Report. For the reasons stated in this opinion, Defendant's objection is overruled.

On July 2012, Defendant Juan Antonio Lopez-Rubio was arrested in Dona Ana County, New Mexico and subsequently charged with the crime of Reentry of a Removed Alien. Defendant pled guilty to the Information pursuant to the U.S. Attorney's "Fast Track" plea program. The Probation Office determined that the Defendant's prior conviction in 2004 for "Resisting an Executive Officer" [1] is a crime of violence under U.S.S.G. §2L1.2(b)(1)(A)(ii), warranting a 16 level enhancement to his base level of 8, resulting in an adjusted offense level of 24 before applying reductions for acceptance of responsibility and the Department of Justice's Fast Track Plea Program.

The Defendant objected to the Presentence Report pursuant to U.S.S.G. §6A1.3. The Defendant claims that the predicate California state conviction of Resisting an Executive Officer

---

[1] Section 69 of the California Penal Code ("CPC §69").

1

is not a crime of violence under U.S.S.G. §2L1.2 (b)(1)(A)(ii), and therefore is not a proper basis under §2L1.2 for a 16 level enhancement.

## ISSUE & LEGAL BACKGROUND

The relevant portions of U.S.S.G. §2L1.2 (b)(1)(A)(ii) states that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after— (a) a conviction for a felony that is…(ii) a crime of violence….increase by **16** levels …" The sentencing guideline defines "crime of violence" as, "…any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §2L1.2 (1)(B)(iii). Here, the issue is whether the Defendant's prior conviction of Resisting an Executive Officer constitutes a "crime of violence."

CPC §69 provides that "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable…"

CPC §69 is divisible and therefore can be violated in two ways—either by (1) attempting to resist an officer using threat or violence or (2) actually resisting an officer using force or violence. Given the statute's divisible nature, a court should apply the "modified categorical" approach to analyze the prior count of conviction. *See Carlos Alberto Flores-Lopez v. United States*, 685 F.3d 857, 864 (9th Cir. 2012) (holding that CPC §69 is not a categorical crime of violence because resisting an officer will not inevitably lead to the use of violent, physical force). Hence, courts should look to the *Shepard* documents[2] to determine whether the defendant's crime under CPC §69 constitutes a crime of violence. *Id.*

---

[2] *Shepard* documents include statutory elements, charging documents, and jury instructions. *Shepard v. United States*, 544 U.S. 13 (2005).

DISCUSSION

The Government and the Probation Office support the 16 level enhancement because a literal reading of U.S.S.G. §2L1.2 (1)(B)(iii) (definition of "crime of violence") is broad enough to permit both the use and attempted use of physical force to qualify as a crime of violence. As follows, this definition could include both parts of CPC §69.

In support of their stance, the Government and Probation cited *United States v. Almendarez*, 363 Fed.Appx. 523, 2010 WL 325943 (C.A.9 (Cal.)). There, the Ninth Circuit determined that the defendant's indictment under CPC §69, which charged him "with the crime of resisting an executive officer by means of violence," demonstrated that the defendant's crime involved the "use…of physical force against the person of another…" and thereby is a crime of violence.

However, the Defendant asserts that the Ninth Circuit found that Almendarez's prior conviction under CPC §69 was a crime of violence because Almendarez's indictment specified that he had *resisted* the officer, making it clear which part of the statute he violated. On the contrary, the Defendant claims that his charging document does not specify which part of CPC §69 he violated. Rather, it merely states that the Defendant pled guilty to Count 2 of the Information which reads as follows:

> **RESISTING EXECUTIVE OFFICER:** The said, JESSIE CAMILLO DELGADO,[3] on or about March 1, 2004, did willfully and unlawfully attempt by means of threats and violence to deter and prevent California Highway Patrol Officer Roberts, who was then and there an executive officer, from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty, violating Section 69 of the California Penal Code, a felony.

The Defendant is correct in that it is unclear which part of CPC §69 he was charged with violating. However, this point is irrelevant here because Count 2 specifies in both parts of CPC

---

[3] Jessie Camillo Delgado is an alias for Defendant Rubio-Lopez.

3

§69 that the Defendant (1) attempted "by means of threats *and* violence" and that (2) the Defendant resisted "by the use of force *and* violence" (italics added for emphasis). The original version of the quoted language states that a defendant (1) attempted "by means of any threat *or* violence" and (2) resisted "by the use of force *or* violence…" (italics added for emphasis). Count 2's departure from the statute's original language indicates that the Defendant, whichever part of CPC §69 he violated, acted with violent, physical force, rendering his prior conviction a crime of violence. Moreover, it does not matter whether the Defendant attempted to resist with violence or actually resisted with violence. Both constitute a crime of violence under U.S.S.G. §2L1.2 (1)(B)(iii).

Accordingly, the Court finds and concludes that the 16 level enhancement is PROPER, resulting in an adjusted offense level of 24 (base level 8 + 16 level enhancement), minus 2 levels (acceptance of responsibility), minus 1 level (acceptance of responsibility), minus 2 levels (pursuant to the Rule 11(c)(1)(C) plea agreement and U.S.S.G. §5K3.1), equaling a total offense level of 19.  Defendant's criminal history category is II.  Accordingly, his sentencing guideline range is 33 to 41 months.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE